G. W. GRAVES *v.* W. L. BROWN.

Appeal and Error—Appeal to Circuit Court—New Defense.
> On an appeal to the Circuit Court the action should be tried anew and the defendant should be allowed to put in any sufficient defense as if the suit had been brought orginally in that court.

Written Contract—Contradictory Parol Agreement.
> A written contract unimpeached, cannot be controlled or modified by a simultaneous and contradictory parol agreement.

APPEAL FROM MARION CIRCUIT COURT.

June 24, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

We are of the opinion that upon the appeal to the circuit court, as the action should there have been tried anew, the defendant should have been allowed to put in any sufficient defense, as if the suit had been brought originally in that court. (Civil Code, section 849.)

But if the answer tendered by the defendant presented no defense to the action, the court might have refused to allow it to be filed, or afterwards exclude it on motion of the plaintiff.

The correctness of the judgment in this case, therefore, depends on the question whether the answer presented a sufficient defense to the action. It seems to us that it did not.

The parol agreement set up is inconsistent with the written contract, and the answer does not allege fraud or mistake in the execution of the note, or any sufficient reason why it should not be taken as expressing the contract. It is well settled that a written contract unimpeached, cannot be controlled or modified by a simultaneous and contradictory parol agreement. (*Hubble vs. Murphy, 1 Duvall, 278.*)

This court has repeatedly decided that a hirer of a slave was not entitled to an abatement of the stipulated price in a case like

this, for loss of the service of the slave by his enlistment in the army.

Wherefore, the judgment is *affirmed.*

*Rountree & Fox, for appellant.*

*Lindseys, for appellee.*